UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE L. DILLARD,

                      Plaintiff,         Civil Action No. 19-10582
                                         Honorable David M. Lawson
                                         Magistrate Judge David R. Grand

v.

WAYNE COUNTY DISTRICT COURT, et al.,

                      Defendant.
_____/

**<u>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED <i>IN FORMA PAUPERIS</i> [13]</u>**

**and**

**<u>REPORT AND RECOMMENDATION TO DISMISS, <i>SUA SPONTE</i>, PLAINTIFF'S COMPLAINT [1] UNDER 28 U.S.C. §1915(e)</u>**

**I.    RECOMMENDATION**

This case has been referred to the undersigned for management, hearing, and determination of all pretrial matters pursuant to 28 U.S.C. §636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #5).

On April 3, 2019, the Court issued an Order to Show Cause to Plaintiff Eddie L. Dillard ("Dillard") because he had not paid the necessary filing fee to commence an action in this Court, nor filed an application to proceed *in forma pauperis* ("IFP"). (Doc. #7). After filing a Motion for settlement on May 7, 2019, (Doc. #11), Dillard filed a response to the Order to Show Cause on May 10, 2019. (Doc. #12). On May 14, 2019, Dillard filed an application to proceed IFP. (Doc. #13). The Court having reviewed Dillard's contentions regarding his inability to pay the filing fee

in this case, **IT IS HEREBY ORDERED** that his request to proceed without prepayment of fees (**Doc. #13**) is **GRANTED**. *See* 28 U.S.C. §1915(a); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

However, for the reasons discussed below, **IT IS RECOMMENDED** that Dillard's complaint **(Doc. #1)** be **DISMISSED** *sua sponte* pursuant to 28 U.S.C. §1915(e).

### II.    REPORT

#### A.    Background

This case presents Dillard's latest attempt to challenge state criminal proceedings against him which took place in 1996 and 1997. On January 9, 2014, Dillard filed a civil complaint in this court, Case No. 14-cv-10198, naming as defendants the Wayne County District and Circuit Courts, as well as three Judges of those courts: Irma J. Chenevert; Nancy Blount; and Terrance K. Boyle. (Case No. 14-10198, Doc. #1). In short, Dillard alleged that the judges who presided over his criminal case were "un-registered judicial officers," and that the entire criminal proceedings against him were therefore conducted without "legal authority and jurisdiction." (*Id.*). Dillard's federal court civil action was assigned to the Honorable Arthur J. Tarnow, and on January 31, 2014, Judge Tarnow issued an "Opinion and Order Summarily Dismissing [Dillard's] Complaint" pursuant to 28 U.S.C. § 1915(e). (*Id.*, Doc. Doc. #6). Judge Tarnow found that Dillard was improperly attempting to use a federal court lawsuit to challenge his state court criminal proceedings (in violation of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)), and that the defendants were not persons who could be sued, or who were otherwise immune from suit . (*Id.*).

On February 25, 2019, Dillard commenced the instant civil action in this court, purportedly pursuant to 42 U.S.C. § 1983, again naming as defendants the Wayne County District and Circuit Courts, and Judges Irma J. Chenevert, Nancy Blount, and Terrance K. Boyle. (Doc. #1). While

Dillard's allegations are largely nonsensical, the clear intent of his instant complaint is to again challenge his state criminal proceedings, though this time he also alleges that "the City of Detroit[1] is liable under Monell v Department of Social Services [sic]" and for "violating [his] Fourteenth Amendment rights by enforcing Heck v Humphrey, 512 US 477, 486-87 [sic]." (*Id.* at 1). Dillard's complaint is replete with legal jargon, but lacks any actionable allegation of wrongdoing by any of the five-named defendants. Instead, Dillard asserts generally, without articulating any facts of the case, that the "relationship between the City of Detroit" and the three judges "is sufficiently intertwined to create a triable issue of fact" and that "the specifics of the encounter at issue also provide evidence of substantial cooperation." (*Id.* at 4). In short, Dillard's instant complaint is a complete re-hash of the case that Judge Tarnow dismissed some five years ago.

**B.     Discussion**

Once a complaint is filed *in forma pauperis* under 28 U.S.C. §1915(a), the court must test its sufficiency under §1915(e). Pursuant to 28 U.S.C. §1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Court is required to construe Dillard's *pro se* complaint liberally and hold his complaint to a less stringent standard than one drafted by an attorney. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). Even applying this liberal standard, however, the Court concludes that Dillard's complaint fails to state a claim upon which relief may be granted, and

---

[1] Dillard does not name the City of Detroit as a defendant in this action. Moreover, while *Monell* states that a municipality may be considered a "person" for the purpose of acquiring liability, this form of liability exists only when the alleged constitutional infringement is the direct result of a municipality's official policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 694 (1978). Dillard identifies no such policy in his instant complaint.

3

seeks monetary relief against defendants who are immune, and, thus, should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

### 1. Criminal Proceedings

Dillard provides no new information in his instant complaint about his 2007 conviction, but a review of the Michigan Department of Corrections Offender Tracking Information System shows that Dillard is continuing to serve a lengthy prison sentence imposed as a result of that conviction. *See* http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=254178 (last visited June 3, 2019). As Judge Tarnow previously explained to Dillard, he may not use a federal court civil rights action to challenge the fact of his conviction:

> A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).

(Case No. 14-10198, Doc. #6 at 3-4).

When taken together, *Heck* and other Supreme Court cases "indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). *Heck* makes clear its basis that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments" that "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Heck*, 512 U.S. at 486. In this case, Dillard's instant complaint

4

purports to mount a direct challenge to his entire criminal case, including his conviction and ongoing incarceration. As such, his instant claims are barred by *Heck* and must be dismissed.

### 2. Claims against the Courts

Dillard's claim against Wayne County District Court and Wayne County Circuit Court must also be dismissed because those state courts are not "persons" under the provisions of §1983. The Sixth Circuit has confirmed the Supreme Court's holding that a state court is not a "person" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)). Dillard's claim against these two state courts should thus be dismissed.

### 3. Eleventh Amendment and Judicial Immunity

Dillard names three state court judges as defendants in this action and sues them in their official and individual capacities. The state court judges are entitled to sovereign immunity, which precludes Dillard's claims for damages against them in their official capacities. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless either the state has waived its immunity and consented to suit or Congress has abrogated the state's immunity. *Will*, 491 U.S. at 70-71. The State of Michigan has not waived its immunity to being sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not annul Eleventh Amendment immunity when it enacted §1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The state court judges are thus entitled to Eleventh Amendment immunity, and Dillard's claims against them in their official capacities must be dismissed.

Dillard's claims against the state court judges should also be dismissed based upon the doctrine of judicial immunity. State court judges enjoy absolute immunity from liability for actions in matters over which they have jurisdiction and which are taken in their judicial capacity.

5

*See Johnson v. Wayne County*, 2006 WL 3086938, at *2 (E.D. Mich. Oct. 30, 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991)). Additionally, judges are "absolutely immune from liability for [their] judicial acts even if [their] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Here, it is undisputed that the challenged actions of the defendant judges were taken in connection with the criminal proceedings against Dillard. They are therefore entitled to absolute judicial immunity for their actions, and Dillard's claims against them in their individual capacities must be dismissed.

Dillard cites "Davis v. Wheeler []; 766 NW2d 808 (2009) (Young, J. concurring)," for the proposition that the defendant judges were "not [officeholders] of the City of Detroit Recorder's Court's judgment, MCL 600.601 by its very terms could not supply the Wayne County Circuit Court with the authority to create jurisdiction pursuant, Const 1963, art, VI, sec. 13." (Doc. #1 at 2). While this argument is somewhat difficult to decipher, it is of no merit. First, Justice Young's concurring opinion in *Wheeler*, 483 Mich. 949 (2009), merely noted that Justice's opinion that a city's Board of Education member's position "was vacated when she participated in board activities on April 10, 2008, before she took the oath of office on April 15, 2008." Dillard makes no factual allegations in his instant complaint from which one could conclude the three defendant judges had not taken their oaths of office prior to presiding over his criminal case. His citation to MCL 600.601 is inapposite as that statute merely defines the "power and jurisdiction" of Michigan's Circuit Courts. Finally, even assuming this issue had any validity whatsoever, it would not change the above analysis which shows that Dillard cannot raise it as part of a Section 1983 claim in this Court.

For all of these reasons, Dillard's claims against the defendants should be dismissed.

### III. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Dillard's complaint **(Doc. #1)** be **DISMISSED** *sua sponte* in its entirety and with prejudice pursuant to 28 U.S.C. §1915(a)(2)(B).

Dated: June 4, 2019  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Order and Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(a) and (b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Order and Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 4, 2019.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager